**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.13-cv-03206-WJM-KMT

CREW TILE DISTRIBUTION, INC.,

Plaintiff,

v.

PORCELANOSA Los Angeles, Inc., PORCELANOSA New York, Inc., PORCELANOSA Texas, Inc., and PORVEN, Ltd., all d/b/a "Porcelanosa USA,"

Defendants.

**STIPULATED PROTECTIVE ORDER**

The Court, having reviewed the parties' Motion for Stipulated Protective Order, and being otherwise fully advised, finds that the parties have made a threshold showing of good cause to believe that the parties' disclosures and discovery will involve the exchange or production of confidential or protected information, and therefore, the conditions for entry of a blanket protective order have been met.

I.   STIPULATED PROTECTIVE ORDER

1.   As used in this Protective Order, the word "Document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001; electronically stored information; recorded or transcribed testimony given in depositions or other proceedings in this Lawsuit; pleadings and other papers filed in this

Lawsuit or served on the parties or their counsel; and documents and information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of the term.

2. As used in this Protective Order, "Lawsuit" means Civil Action No.13-cv-03206-WJM-KMT, and any appeals therefrom.

3. As used in this Protective Order, "Confidential Information" means (a) Documents and other information that the producing party designates as confidential in the manner set forth below; (b) Deposition testimony and deposition exhibits in this Lawsuit that any party designates as confidential in the manner set forth below; and (c) Responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties to this Lawsuit that any party designates as confidential in the manner set forth below. Extracts and summaries of Confidential Information derived from Confidential Information shall be treated as Confidential.

4. Information designated as "Confidential Information" shall be information that is confidential and implicates common law and statutory privacy and/or proprietary interests or obligations of the parties.

5. Confidential Information shall be used only for the preparation and litigation of this Lawsuit, and shall not be disclosed or used for any other purpose including,

without limitation, any business, competitive, or commercial purpose or in connection with any other proceeding or litigation.

6. All persons who have access to Confidential Information shall be provided with a copy of this Agreement and Protective Order. It is the duty of the person providing access to the Confidential Information to provide a copy of this Agreement and Protective Order and obtain from such person an acknowledgment in the form of the below Exhibit A (Acknowledgement of Stipulated Protective Order) which will be signed by such person. All such acknowledgments will be retained by counsel and shall be subject to an in camera review by the Court if good cause for review is demonstrated by opposing counsel. With respect to deponents or other witnesses, counsel shall present this Protective Order to such person and obtain a verbal acknowledgment in the stenographic record of proceedings that the person acknowledges this Protective Order and agrees to be bound by it. All persons with access to Confidential Information produced by another party or a nonparty shall take all reasonable precautions necessary to ensure that no other person shall disclose or use Confidential Information for any purpose that does not relate to this Lawsuit and or in any manner that is not permitted by this Protective Order.

7. Confidential Information shall not be disclosed or used for any purpose except the preparation (including pleadings and hearings during this Lawsuit), trial and appeal of this case. Confidential Information shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized

or otherwise communicated or made available in whole or in part to any person *except* the following:

    a.    Counsel of record in the Lawsuit;

    b.    Persons regularly employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c.    Third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

    d.    Individual parties to this Lawsuit;

    e.    Representatives of parties deemed necessary by counsel for assistance with the prosecution or defense of this Lawsuit;

    f.    Expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

    g.    Deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Confidential Information is necessary in connection with such testimony;

  h.  Third parties who are engaged to facilitate a mediation or settlement conference for this case;

  i.  the Court and its employees;

  j.  Stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

  k.  Other persons upon written agreement of the parties.

8. The designation of documents as "Confidential Information" for purposes of this Protective Order shall be made in the following manner by any party or nonparty:

  a.  Prior to taking any of the steps listed in sub-paragraphs 8(b)-(f), counsel for a producing party must review the information to be disclosed and designate only the information he or she believes, in good faith, is confidential or otherwise entitled to protection.

  b.  In the case of Documents (including electronic images of documents in any format) or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

  c.  In the case of electronically stored information produced in native format, the storage media shall be marked with the legend "CONTAINS CONFIDENTIAL INFORMATION" and the producing party shall provide an electronic list (spreadsheet or table) by file name of all files that are designated.

      d.      In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or pretrial testimony, or any portion thereof, is "Confidential Information." Counsel shall direct the court reporter or other counsel to affix the appropriate "CONFIDENTIAL" label to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Information. Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as "CONFIDENTIAL" after transcription provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the Court reporter of the completion of the transcript, prior to which time the transcript will be treated as Confidential Information in its entirety.

      e.      In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the designating party's counsel to counsel for the other parties to this Lawsuit, that such discovery material or any portion thereof is "Confidential."

9.      A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot

resolve the objection within ten business days after notice is received, either party may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10. The parties anticipate that Documents may be produced in this matter which may contain third party social security numbers, account numbers, credit card numbers and/or other personally identifying information. The parties acknowledge that this sensitive and confidential information will not be redacted from documents exchanged between the parties, and the documents will not be marked as CONFIDENTIAL, but that third party social security numbers, account numbers, credit card numbers and/or other sensitive and confidential information will be maintained in the same manner as information designated as Confidential Information and redacted from all public filings in accordance with Federal Rule of Civil Procedure 5.2.

11. Subject to the Federal Rules of Civil Procedure and any other applicable law, the use of Confidential Information in this Lawsuit (including, but not limited to, in depositions, pleadings and other papers filed with the Court, written discovery responses, and trial) shall not cause Confidential Information to lose its confidential status. All persons using Confidential Information in this Lawsuit shall take all

reasonable precautions necessary to protect the confidentiality of such information while in their possession and during its use.

12. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought.

13. If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Information or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Information on the basis of this Protective Order except upon court order entered after the notice and procedures set forth above have been followed.

14. Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of information that it alone prepared or obtained, and which contains no Confidential Information obtained directly or indirectly from another party or a nonparty.

15. In the event of inadvertent production or disclosure of any Document that the producing party believes should have been marked "CONFIDENTIAL," the

producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document as "CONFIDENTIAL" and thereafter such Document and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Information.

16. The termination of this Lawsuit shall not relieve any persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information.

17. This Agreement shall inure to the benefit of and be binding on the successors or assigns of the parties.

18. At the conclusion of this Lawsuit, unless other arrangements are agreed upon, in writing by the parties, all persons that received Documents designated as Confidential Information by another party shall either return those Documents to the producing party or destroy them, as well as all copies of those Documents, except deposition exhibits, exhibits to pleadings filed with the Court, and trial exhibits. Where the persons destroy Confidential Documents, upon written request the destroying person shall provide all parties with an affidavit confirming destruction.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

20. No presumption, implication, inference or indication shall arise from the fact that a Document or other information has been designated as Confidential Information. Specifically, but without limitation, the fact that a Document or other information has been designated as Confidential Information shall not show in any way

that the document is admissible, is authentic, is subject to any privilege or that the document is the property of any particular person or entity.

21.     Confidential Information produced in this action shall be maintained in the offices of the designating party or other counsel.  Copies of Confidential Information produced in this litigation shall be maintained only at the office of a person listed in Paragraph 7.  A party may scan into electronic form any documents produced under this Protective Order and may maintain those documents on a disc, CD or similar storage device pursuant to this Protective Order.

22.     The inadvertent or unintentional production of any information or document that is subject to attorney-client privilege or work product protection shall not be deemed a waiver of a party's claim to its privileged or protected nature or estop that party from asserting the privilege or protection.

23.     Within thirty (30) days after the conclusion of this litigation, copies of all deposition transcripts using or referring to Confidential Information shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order on an ongoing basis.

24.     The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 16, 17, 18, and 23 hereof) after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and/or additions to this Protective Order as the Court may from time to time deem appropriate for good cause shown or as may be requested by the Parties.

25. Nothing in this Protective Order shall prevent a party from any use of his or its own information, designated by that party as confidential.

26. In the event that the parties, their counsel, or any persons who have consented to be bound to the terms of this Protective Order in any way violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of this Court for purpose of any proceedings or action concerning a litigant's right to injunctive relief as a result of such violations.

27. This Agreement and Protective Order may be executed by facsimile and in counterparts.

The Court hereby enters the parties' Stipulated Confidentiality Agreement as an Order of the Court.

DATED this 16th day of May, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-03206-WJM-KMT

CREW TILE DISTRIBUTION, INC.,

Plaintiff,

v.

PORCELANOSA Los Angeles, Inc., PORCELANOSA New York, Inc., PORCELANOSA Texas, Inc., all d/b/a "Porcelanosa USA," and PORVEN, Ltd.,

Defendants.

---
**ACKNOWLEDGEMENT FOR STIPULATED PROTECTIVE ORDER**
---

_____ swears or affirms and status under penalty of perjury:

    1.    I have read the Stipulated Protective Order and Confidentiality Agreement (the "Agreement") in this Civil Action, a copy of which is attached to this Acknowledgment for Stipulated Protective Order.

    2.    I have been informed by _____, counsel for _____, that materials provided to me and marked as "CONFIDENTIAL" are protected, as specified in the Agreement.

    3.    I have not divulged and will not divulge or undertake to divulge to any person or recording device any information identified as CONFIDENTIAL except as authorized in the Agreement. I will not use the information identified as CONFIDENTIAL for any purpose other than as provided in the Agreement and in all respects will abide by the Agreement.

    4.    For the purposes of enforcing the terms of the Agreement, I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado.

Dated: _____          _____
                                                                                             Signature