IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03206–WJM–KMT

CREW TILE DISTRIBUTION, INC.,

      Plaintiff,

v.

PORCELANOSA LOS ANGELES, INC.,
PORCELANOSA NEW YORK, INC.,
PORCELANOSA TEXAS, INC., and
PROVEN, LTD., all d/b/a PORCELANOSA USA,

      Defendants.

---

# ORDER

---

      This matter is before the court on Defendant's "Motion for Protective Order under F.R.C.P. 26(c) Pending the Court's Ruling on Defendants' Amended Motion to Dismiss."  (Doc. No. 49, filed July 29, 2014.)  Plaintiff's Response was filed on August 4, 2014 (Doc. No. 51) and Defendants' Reply was filed on August 11, 2014 (Doc. No. 52).  For the following reasons, Defendants' Motion for Protective Order is DENIED.

      Defendants manufacture, sell, and distribute luxury Spanish stone and tile for installation in the kitchen and bathrooms of high-end homes.  (Am. Compl., Doc. No. 23, ¶ 17.)  In its Amended Complaint, Plaintiff alleges that Defendants breached an exclusive distribution agreement with Plaintiff by which Plaintiff was to be the exclusive distributor for Defendants' products in Colorado (with the exception of Aspen and Pitkin County, Colorado).  (*See generally*

*id.*)  Based on this central allegation, Plaintiff asserts nine claims for relief under state law,

including claims for breach of contract, unjust enrichment, tortious interference, and civil

conspiracy.  (*Id.*)

On April 18, 2014, Defendants' filed their Amended Motion to Dismiss Pursuant to Fed.

R. Civ. P. 12(b)(6).  (Doc. No. 26.)  In their Motion to Dismiss, Defendants assert that Plaintiff's

Amended Complaint fails to state a claim for relief, primarily because none of the Defendants

were parties to the alleged executive distribution agreement with Plaintiff.  Defendants' Motion

for Protective Order seeks a stay of discovery until ruling on Defendants' Motion to Dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however,

provide that

> [a] party or any person from whom discovery is sought may move for a protective
> order in the court where the action is pending . . . The court may, for good cause,
> issue an order to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.*

(citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

2

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010).  Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the

court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff has an interest in proceeding expeditiously with this matter.  Moreover, the court is not convinced that Defendants would face a significant burden by proceeding with discovery. Defendant does not maintain that the court lacks jurisdiction over Plaintiff's claims or that it is entitled to immunity therefrom—rather it simply moves to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6).  Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss.  This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Further, the court does not agree with Defendants' representations as to the complexity of this case.  Although Plaintiff has asserted a number of claims against Defendants, at its heart, this case is essentially a relatively straightforward breach of contract case.

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result.  Although Defendants argue a stay until a ruling on their Motion to Dismiss is warranted based on the significant time and expense that will to depose certain non-party witnesses who reside outside this District, this concern is not unique to this case and, therefore, does not support the extraordinary remedy of a stay of discovery.  Further, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL 980383, at

4

\*1.  Accordingly, on balance, the court finds that a stay of discovery in this case is not warranted.

Therefore, it is

ORDERED that Defendant's "Motion for Protective Order under F.R.C.P. 26(c) Pending the Court's Ruling on Defendants' Amended Motion to Dismiss" (Doc. No. 49) is DENIED.

Dated this 25th day of September, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge