IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03206–WJM–KMT

CREW TILE DISTRIBUTION, INC.,

    Plaintiff,

v.

PORCELANOSA LOS ANGELES, INC.,
PORCELANOSA NEW YORK, INC.,
PORCELANOSA TEXAS, INC., and
PROVEN, LTD., all d/b/a PORCELANOSA USA,

    Defendants.

---

**ORDER**

---

    This matter is before the court on "Plaintiff's Unopposed Motion for Leave to File Amended Complaint." (Doc. No. 83, filed Dec. 23, 2014.) Plaintiff seeks leave to file a Second Amended Complaint (Doc. No. 85) that more fully details the relationship between the Defendants and their use of the name "Porcelanosa USA." For the following reasons, Plaintiff's Motion is GRANTED.

    Because Plaintiff filed its motion after the May 30, 2014 deadline for amending the pleadings (*see* Sched. Order, Doc. No. 28, filed Apr. 21, 2014), the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), and the evaluating whether Plaintiff has

satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).[1]

This court has stated:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and internal quotation marks omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, it must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed.R.Civ.P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only

---

[1] The court employs this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins,* 315 F. App'x 57, 62 n.4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

The court first finds that Plaintiff has shown good cause to amend the Scheduling Order. Plaintiff asserts that it first uncovered the factual basis for its new allegations after deposing two former management personnel of Defendant Porcelanosa Los Angeles, Inc. on November 19 and 20, 2014. Defendant does not dispute this assertion. Accordingly, the court finds that, even with diligent efforts, Plaintiff could not have met the May 30, 2014 deadline for amending the pleadings.

The court also finds that Rule 15(a) is met under the circumstances. Defendants do not oppose Plaintiff's Motion. Thus, there is now showing of, nor does the court otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of amendment.

As a final matter, because the filing of amended pleading ordinarily supersedes the operative pleading and renders it of no legal effect, an amended pleading will typically moot a pending motion to dismiss targeted at the prior pleading. *See Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1997). However, the parties have stipulated that Defendants' Amended Motion to Dismiss (Doc. No. 26, filed Apr. 18, 2014) will continue to apply to the

extent possible to the facts pled in Plaintiff's Second Amendment Complaint.  Under the specific circumstances of this case, the court will agree to this stipulation.

Therefore, it is

ORDERED that "Plaintiff's Unopposed Motion for Leave to File Amended Complaint" (Doc. No. 83) is GRANTED.  Plaintiff's Second Amended Complaint (Doc. No. 85) is ACCEPTED AS FILED.

Dated this 3rd day of February, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge