**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-3206-WJM-KMT

CREW TILE DISTRIBUTION, INC.,

      Plaintiff,

v.

PORCELANOSA LOS ANGELES, INC., d/b/a PORCELANOSA USA,
PORCELANOSA NEW YORK, INC., d/b/a PORCELANOSA USA,
PORCELANOSA TEXAS, INC., d/b/a PORCELANOSA USA, and
PORVEN, LTD., agent of PORCELANOSA USA,

      Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Crew Tile Distribution, Inc. ("Plaintiff") brings this breach of contract action against Defendants Porcelanosa Los Angeles, Inc. ("Porcelanosa LA"), Porcelanosa New York, Inc., Porcelanosa Texas, Inc., and Porven, Ltd. (collectively "Defendants"), all allegedly doing business as or serving as an agent for Porcelanosa, USA.  (Second Amended Complaint ("SAC") (ECF No. 85).)  This matter is before the Court on Defendants' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").  (ECF No. 26.)  For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the

plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II.  BACKGROUND

The relevant facts, as pled in the SAC, are as follows.

Defendants Porcelanosa LA, Porcelanosa New York, and Porcelanosa Texas are, respectively, California, New York, and Texas corporations, which allegedly all conduct business by and through the unregistered d/b/a or trade name "Porcelanosa USA".  (SAC ¶¶ 2-7, 25.)  Defendant Porven, Ltd. is a Delaware corporation that is a holding company for the other three Defendants, and also acts as an agent of Porcelanosa USA.  (*Id.* ¶¶ 5-7.)  All four Defendants are subsidiaries of Porcelanosa Grupo, an international tile and stone company from Spain, that sell and market Porcelanosa products in the United States.  (*Id.* ¶ 6.)

On December 8, 2009, Plaintiff entered into a Distributor Agreement (the "Agreement") with Porcelanosa USA under which Plaintiff was made the exclusive

distributor for Porcelanosa products in Colorado, excluding the City of Aspen and Pitkin County.  (SAC ¶¶ 12, 14; Agreement (ECF No. 85-1) p. 1.)  The Agreement was signed by Jack Handley, an agent of Porcelanosa LA, and was witnessed by Paco Montilla, the General Manager and West Coast Director of Porcelanosa LA.  (SAC ¶ 13; Agreement p. 7.)  The Agreement contains a Colorado choice of law provision.  (Agreement p. 6.)

From the date the Agreement was executed, Plaintiff acted as a distributor for Porcelanosa products, including building a showroom and selling Porcelanosa products to customers.  (SAC ¶¶ 52, 54-59.)  In compliance with the Agreement, Porcelanosa LA utilized Plaintiff as its exclusive distributor until 2013 when Porcelanosa LA first breached the Agreement.  (*Id.* ¶¶ 60-67.)  Plaintiff alleges upon information and belief that beginning in 2013, Porcelanosa LA, Porcelanosa New York, and Porcelanosa Texas all sold and distributed Porcelanosa products in Colorado and to Colorado customers without using Plaintiff as the distributor.  (*Id.* ¶¶ 68-69.)  Defendants allegedly agreed to take these actions despite their direct interference with the Agreement.  (*Id.*)  Porcelanosa Texas, which was formed in 2012, announced in October 2013 that it would establish its own showroom in Denver, Colorado to distribute Porcelanosa products.  (*Id.* ¶¶ 64, 69.)  After Plaintiff objected in writing to Porcelanosa Texas's conduct, Porcelanosa Texas sent letters dated October 31, 2013 to Plaintiff's customers stating: "Porcelanosa USA is proud to announce that the Colorado Market will now be serviced by Porcelanosa Texas as of November 1, 2013. . . .  Going forward, as of November 1, 2013, any orders and balances will be generated from our location in Dallas, Texas."  (*Id.* ¶¶ 70-71; ECF No. 85-2.)

3

In a letter dated January 7, 2014, Plaintiff received a letter from Porcelanosa New York, signed by "Manuel Prior, Director, Porcelanosa USA", which purported to terminate its Exhibitor Agreement dated March 29, 2010.  (SAC ¶ 73; ECF No. 85-3.) As a result of the termination of the Exhibitor Agreement, Plaintiff was forced to remove display racks it had in multiple customers' showrooms.  (*Id.*)  Later in January 2014, pursuant to Defendants' agreement among themselves, Porcelanosa LA and Porcelanosa New York began blocking Plaintiff's ability to place new orders for products, and Porcelanosa Texas contacted Plaintiff's customers to re-place any pending purchase orders with Porcelanosa Texas.  (*Id.* ¶¶ 74-75.)  Porcelanosa Texas opened its Denver showroom in March 2014.  (*Id.* ¶ 76; ECF No. 85-4.)

Plaintiff initiated this action on November 22, 2013 (ECF No. 1), and filed an Amended Complaint on April 11, 2014, bringing breach of contract claims and, in the alternative, claims for equitable relief, tortious interference with contract and with business advantage, and civil conspiracy.  (ECF No. 23.)  The instant Motion was filed on April 18, 2014.  (ECF No. 26.)  Plaintiff filed a Response (ECF No. 34) and Defendants filed a Reply (ECF No. 43).  On December 23, 2014, while the Motion was pending, Plaintiff filed an Unopposed Motion for Leave to File a Second Amended Complaint, which indicated that the parties agreed that the proposed amendments did not render the Motion to Dismiss moot.  (ECF No. 83.)  The Motion for Leave to File the SAC was granted on February 3, 2015.  (ECF No. 91.)  The SAC (ECF No. 85) is therefore the operative Complaint.

4

## III.  ANALYSIS

Defendants move for dismissal of all of Plaintiff's claims on the basis that Plaintiff has failed to plausibly allege that any of them is a party to the Agreement.  (ECF No. 26 at 4-5.)  Defendants assert that, because all of Plaintiff's claims depend on the alleged breach of the Agreement, all claims fail in the absence of a viable breach of contract claim.  (*Id.*)  The Court will discuss Defendant's arguments as to each of Plaintiff's claims in turn.

### A.      Breach of Contract Claims

Plaintiff brings claims for breach of contract and willful and wanton breach of contract against Porcelanosa LA, "and/or all Porcelanosa Defendants" in the event that they are deemed to be one and the same for contract law purposes.  (SAC ¶¶ 87-100.) Defendants contend that none of them are bound by the Agreement, which was between Plaintiff and "Porcelanosa USA", and that Plaintiff's allegations otherwise are conclusory.  (ECF No. 26 at 7-9.)

Plaintiff admits that its Agreement was with "Porcelanosa USA" and does not contain any of Defendants' true legal names, but alleges that each of the Defendants does business as Porcelanosa USA, that an agent of Porcelanosa LA entered the Agreement under the name Porcelanosa USA, and that Defendants subsequently performed under the Agreement.  (ECF No. 34 at 7-8.)  Plaintiff also cites Colorado statutes which render it unlawful to do business under an unregistered trade name, while noting that "'transacting business under a name in violation of [Colorado Revised Statute] Section 7-71-101 does not impair the validity of acts of the person at any time

taken . . . .'" (*Id.* at 14 (quoting Colo. Rev. Stat. §§ 7-71-101, 7-71-102).)

The Court finds that Plaintiff's allegations regarding Defendants' use of the unregistered trade name "Porcelanosa USA" during and after contract formation are factual allegations which, taken as true, would appear to render Defendants liable under the Agreement.  Contrary to Defendants' contentions, these allegations contain factual content and are not allegations that merely assert a legal conclusion.[1]  (ECF No. 26 at 9.)  Defendants contend that more is required, arguing that Plaintiff should have alleged that Defendants were the intended real parties in interest under the Agreement based on, for example, discussions among the parties' agents, review by the parties' attorneys, communications regarding the language of the Agreement, or the reasons for naming Porcelanosa USA instead of Porcelanosa LA or New York.  (ECF No. 43 at 4.)  The Court acknowledges that such facts will be relevant at the summary judgment stage if Defendants raise the issue of contract formation.  However, such extensive allegations are not required at this stage of the case, where the Court need only be satisfied that the factual allegations contained in the Complaint, if proven, would state a plausible claim for relief.  *See Ridge at Red Hawk*, 493 F.3d at 1177.

---

[1] The Court notes with disapproval that, in attempting to support the argument that Plaintiff's allegations are conclusory, Defendants have chosen to cite an order this Court issued in an unrelated case regarding the sufficiency of factual allegations to substantiate an antitrust claim of an agreement in restraint of trade.  (ECF No. 43 at 4 (citing *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-3012-WJM-BNB (February 13, 2014)).)  The question of whether a plaintiff's allegations are sufficient to establish such an agreement in the antitrust context is unrelated to the issue in the instant case of whether Plaintiff has alleged any facts which would make Defendants liable under a contract that uses an unregistered trade name instead of their legal names.  Defendants' citation fails to support their contentions and is grossly misleading.

Accordingly, the Court finds that Plaintiff has stated claims for breach of contract and willful and wanton breach of contract against Defendants, and the Motion is denied as to Plaintiff's contract claims.

Plaintiff also brings a claim for declaratory relief based on the Agreement, seeking a declaration that the Agreement is enforceable as against Porcelanosa LA and Porcelanosa New York.  (SAC ¶¶ 107-113.)  Defendants' sole argument as to the declaratory relief claim is that it must fail due to Plaintiff's failure to sufficiently allege any underlying contract.  (ECF No. 26 at 10.)  As the Court has found that Plaintiff has stated a contract claim, the Motion is denied as to Plaintiff's claim for declaratory relief.

## B.    Tort Claims

Plaintiff brings three tort claims: (1) a claim for tortious interference with contract, alleging that Porcelanosa Texas, Porcelanosa New York, and Porven all interfered with Porcelanosa LA's performance of the Agreement and caused the breach of contract; (2) a claim for tortious interference with business advantage, alleging that Porcelanosa Texas, Porcelanosa New York, and Porven interfered with Plaintiff's sales of Porcelanosa products to its customers, causing customers not to enter or complete their purchases with Plaintiff; and (3) a claim for civil conspiracy against all Defendants, alleging that they agreed to engage in a concerted course of wrongful conduct, giving rise to the breach of contract and other claims.  (SAC ¶¶ 114-127.)

Defendants argue in the Motion that Plaintiff fails to make factual allegations constituting wrongful conduct for purposes of the civil conspiracy claim, because

Plaintiff has stated no breach of contract claim.[2]  (ECF No. 26 at 11-12.)  Similarly, Defendants contend that the tortious interference with contract claim is based on the existence of a valid contract between the parties.  (*Id.* at 12-13.)  Both of these arguments fail because the Court has found that Plaintiff has sufficiently alleged that the Agreement was a valid contract between the parties, and that Defendants agreed in concert to interfere with the contract and cause a breach.  Accordingly, the Motion is denied as to Plaintiff's claims for civil conspiracy and tortious interference with contract.

As to the claim for tortious interference with business advantage, Defendants argue that Plaintiff has failed to sufficiently allege any specific person or entity with whom it would have been able to enter into or consummate a contract, but for Defendants' alleged interference.  (ECF No. 26 at 13-14.)  The Court disagrees. Plaintiff alleges that Porcelanosa New York, Porcelanosa LA, and Porcelanosa Texas began selling and distributing Porcelanosa products to Colorado customers that would otherwise have been customers of Plaintiff.  (*Id.* ¶ 68.)   Plaintiff has alleged that, in violation of the exclusive distributorship Agreement and in concert with the other Defendants, Porcelanosa Texas opened a showroom in Denver, creating competition with Plaintiff for Colorado customers seeking Porcelanosa products.  (SAC ¶¶ 69-71, 76.)  Plaintiff further alleges that Porcelanosa Texas sent letters directly to Plaintiff's

---

[2] In Defendants' Reply, they raise a new argument as to the civil conspiracy claim, contending that Plaintiff does not sufficiently allege a meeting of the minds between them and that Plaintiff's SAC lacks allegations as to Porven's participation in the alleged conspiracy. (ECF No. 43 at 6-7.)  Because Plaintiff does not have a further opportunity to respond to Defendants' Reply, *see* D.C.COLO.LCivR 7.1C, the Court finds that Defendants have waived these arguments.  *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived).

8

existing customers for Porcelanosa products, which induced them to change their orders to purchase the products from Porcelanosa Texas instead of from Plaintiff. (*Id.* ¶¶ 71, 75.)  Finally, Plaintiff alleges that Porcelanosa New York withdrew Plaintiff's ability to provide display racks to its affiliated retailers, negatively affecting Plaintiff's agreements with those entities.  (*Id.* ¶ 73.)  These factual allegations sufficiently identify contracts and other forms of business advantage that were interfered with as a result of Defendants' conduct.  Accordingly, the Motion is denied as to Plaintiff's claim for tortious interference with business advantage.

## C.    Equitable Claims

In the alternative, Plaintiff brings claims for *quantum meruit* and unjust enrichment, arguing that even in the absence of an enforceable contract, Defendants have received a benefit from Plaintiff's actions under the purported Agreement which would be unjust for them to retain.  (SAC ¶¶ 101-106.)  Perplexingly, Defendant's Motion argues that in the absence of a valid contract, Plaintiff fails to sufficiently allege that Defendants were unjustly enriched to Plaintiff's detriment.[3]  (ECF No. 26 at 14-15.) This argument is illogical when asserted against equitable claims that, by their very nature, are brought in the alternative to breach of contract claims in the event that no enforceable contract exists.  *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 444 (Colo. 2000) ("Application of the doctrine of *quantum meruit*, also termed quasi-contract or unjust enrichment, does not depend upon the existence of a contract, either express

---

[3] Defendants' Reply again introduces a new argument, namely that Plaintiff's equitable claims insufficiently allege damage to Plaintiff resulting from the unjust enrichment.  (ECF No. 43 at 7.)  As this argument was not raised in the initial Motion, it is waived.  *See Harrell*, 642 F.3d at 918.

or implied in fact.  Rather, it arises out of the need to avoid unjust enrichment to a party even in the absence of an actual agreement to pay for the services rendered.").

Defendants have not raised any other argument as to the equitable claims, nor have they contested whether Plaintiff has sufficiently alleged the elements of these claims.  Therefore, the Court denies the Motion as to Plaintiff's equitable claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Defendants' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 26) is DENIED.

Dated this 5th day of February, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge