**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3206-WJM-KMT

CREW TILE DISTRIBUTION, INC.,

    Plaintiff,

v.

PORCELANOSA LOS ANGELES, INC., d/b/a PORCELANOSA USA,
PORCELANOSA NEW YORK, INC., d/b/a PORCELANOSA USA,
PORCELANOSA TEXAS, INC., d/b/a PORCELANOSA USA, and
PORVEN, LTD., agent of PORCELANOSA USA,

    Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff Crew Tile Distribution, Inc. ("Plaintiff") brings this breach of contract action against Defendants Porcelanosa Los Angeles, Inc., Porcelanosa New York, Inc., Porcelanosa Texas, Inc., and Porven, Ltd. (collectively "Defendants"), all allegedly doing business as or serving as an agent for Porcelanosa, USA. (ECF No. 85.) On July 29, 2014, Defendants moved for a protective order seeking a stay of discovery while their Motion to Dismiss (ECF No. 26) was pending. (ECF No. 49.) Magistrate Judge Kathleen M. Tafoya denied Defendants' Motion for Protective Order on September 25, 2014. (ECF No. 54.) The Court subsequently denied Defendants' Motion to Dismiss. (ECF No. 93.) Now before the Court is Plaintiff's Motion for Attorney Fees and Costs ("Motion") based on its successful opposition to the Motion for Protective Order. (ECF No. 58.) For the reasons explained below, the Court grants the Motion but reduces the amount awarded.

## I.  LEGAL STANDARD

A motion for a protective order may be brought under Federal Rule of Civil Procedure 26(c) to obtain an order protecting a party from oppressive, annoying, embarrassing, or unduly burdensome or expensive discovery.  Fed. R. Civ. P. 26(c)(1). The decision to issue a protective order rests within the sound discretion of the court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  "If a motion for protective order is wholly or partially denied, the court may, on just terms," order that the party provide discovery, and may order payment of fees and expenses under the provisions of Rule 37(a)(5).  Fed. R. Civ. P. 26(c)(2)–(3).  Rule 37(a)(5) generally governs the payment of expenses for a Motion to Compel Discovery, and provides that the court require payment by a party whose failure to provide discovery necessitated the motion, unless: (1) the movant filed the motion before making a good faith attempt to resolve it via conferral with opposing counsel; (2) the opposing party's position was substantially justified; or (3) "other circumstances make an award of expenses unjust."

Where a Court deems proper an award of attorneys' fees, the movant must demonstrate that the amount it seeks is reasonable.  *See Dewey v. Hewlett Packard Co.*, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir. 1996).  To determine whether a reasonable number of hours were expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No.*

*233*, 157 F.3d 1243, 1250 (10th Cir. 1998).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed.  *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436–37.

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands for civil rights or analogous litigation.'"  *Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case*, 157 F.3d at 1255).  The burden is on the party seeking fees to provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community.  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).

## II.  ANALYSIS

The instant Motion seeks an award of attorneys' fees[1] pursuant to Rules 26(c) and 37(a)(5). (ECF No. 58.)  In response to the Motion, Defendants argue that the exceptions to Rule 37(a)(5)(A) apply here to prohibit any award of expenses because Defendants duly conferred regarding the protective order, and because their request was substantially justified.  (ECF No. 62 at 3–7.)  Defendants also contend that, in the

---

[1] The title of the Motion states that costs are also sought, but the Motion contains no reference to or request for any amount of costs, only attorneys' fees.

event fees are awarded, Plaintiff's claimed fees are unreasonable. (*Id.* at 7.)

As to Defendants' first argument regarding conferral, the Court agrees with Plaintiff that this provision is not applicable to expenses for the successful opposition to a protective order. Rule 37(a)(5)(A)(I) prohibits an award of expenses for a motion to compel disclosure where the successful movant failed to first confer in good faith in an attempt to obtain the discovery without court action, in order to prevent awarding expenses for a motion that could have been avoided by conferral. Fed. R. Civ. P. 37 advisory committee's note, 1993 amendments. In contrast, the instant case involves a party whose attempt to forestall discovery was rejected by the Court; in this case, the party's prior conferral does not support a finding that the motion was necessary. Defendants' sole authority cited in support of their compliance argument, *F.D.I.C. v. Broom*, 2013 WL 3381353 (D. Colo. July 8, 3013), is completely inapposite: *Broom* dealt with a protective order that was *granted*, and the court found that the conferral exception did not apply. *See id.* at *4. As Defendants have cited no other authority on this issue, the Court finds that in this situation, Defendants' conferral with opposing counsel prior to filing the Motion for Protective Order does not inform the question of whether expenses should be awarded.

The parties' central dispute regards whether the Motion for Protective Order was substantially justified. In evaluating whether to issue a protective order, courts must consider whether "good cause" has been shown by evaluating the potential injury to or burden on the movant if disclosure is permitted, the opposing party's need for the information, and any third party or public interests. *See Exum v. U.S. Olympic Comm.*,

209 F.R.D. 201, 206 (D. Colo. 2002). The protective order sought here was a stay of all discovery pending ruling on Defendants' Motion to Dismiss, rather than a more narrow request for a protective order based on the sensitivity or confidentiality of the information sought. *See, e.g.*, *Lando Equity Partner, LLC v. City of Colo. Springs*, 259 F.R.D. 510, 515 (D. Colo. 2009) ("[P]rotective orders issued pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information.").

As the Magistrate Judge noted in her Order Denying Defendants' Motion for Protective Order, "stays of all discovery are generally disfavored in this District" except in cases with a pending dispositive motion involving threshold issues such as immunity or jurisdiction. (ECF No. 54 at 3.) In the instant case, the Magistrate Judge was "not convinced that Defendants would face a significant burden by proceeding with discovery." (*Id.* at 4.) Given that the stay sought was for purposes of a Motion to Dismiss under Rule 12(b)(6) not involving claims of immunity or lack of jurisidiction, the Magistrate Judge found that Plaintiff's interest in proceeding expeditiously to a resolution of this matter outweighed the burden to Defendants of proceeding with discovery, and no third party or public interest indicated otherwise. (*Id.*) The Magistrate Judge thus concluded that the protective order was not warranted. (*Id.* at 5.)

Defendants now argue that their motion for a protective order was substantially justified because "'reasonable people could differ as to the appropriateness'" of the order. (ECF No. 62 at 4 (quoting *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *1 (D. Colo. Feb. 8, 2010); *Alpha Prime Dev. Co. v. Holland Loader Co.*,

*LLC*, 2010 WL 3174699, at *1–2 (D. Colo. Aug. 10, 2012) (substantial justification is satisfied where there exists "a genuine dispute concerning compliance")).) The Court notes that, as the issuance of a protective order is discretionary, *see Wang*, 919 F.2d at 130, it is indisputable that reasonable courts could differ as to the exercise of such discretion. However, the Court agrees with the Magistrate Judge that Defendants failed to make any colorable showing that they would face a significant burden if discovery were to proceed. Defendants did not argue that discovery in this case was particularly voluminous or difficult to produce; instead, Defendants focused their argument on the merits of their underlying Motion to Dismiss, which is not a factor in the protective order analysis. (*See* ECF No. 49 at 7–8.) Given the general policy against stays of all discovery, as well as Defendants' failure to show any significant burden in their briefing on the Motion for Protective Order, the Court concludes that there was no reasonable basis for a difference of opinion as to the Magistrate Judge's finding that a protective order was unwarranted. Accordingly, the Motion for Protective Order was not substantially justified in the meaning of Rule 37(a)(5)(A)(ii), and an award of expenses is not prohibited under that subsection.

Defendants have not argued that an award of expenses would be otherwise unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, the Court finds that an award in favor of Plaintiff for its expenses in opposing the Motion for Protective Order is appropriate under Rule 37(a)(5)(A). The Court must therefore determine whether the amount of the award sought by Plaintiff is reasonable.

Plaintiff seeks an award of expenses in the lodestar amount of $3,920.50, comprised of 0.8 hours of a founding partner's work at $585 per hour, 3.2 hours of

another partner's work at $450 per hour, 7.8 hours of an associate attorney's work at $250 per hour, and 0.5 hours of paralegal and law clerk work at $125 per hour. (ECF No. 58.) Defendants do not challenge the hourly rates (ECF No. 62 at 7), and in the Court's experience, Plaintiff's rates are appropriate for the attorneys' levels of skill, experience, and reputation in the Denver market. See Ellis, 163 F.3d at 1203.

However, the Court agrees with Defendants that the number of hours billed is excessive. Plaintiff's work opposing the motion for which they are being compensated involved reviewing the motion, researching and drafting a response, and reviewing the reply. The Court believes that 11.8 hours of work by two partners and a senior associate were more than necessary to provide high-quality legal representation in this matter. Plaintiff's billing records indicate four separate time entries, averaging more than 2 hours each, whose redundant descriptions entailed drafting the response to the Motion for Protective Order—a brief whose text occupies less than four pages and evaluates a single legal issue. (See ECF No. 51.) While the Court agrees with Plaintiff that page length alone does not indicate the quality of work or length of time required, the Court finds that this single brief did not reasonably require the amount of time Plaintiff allocated to it.

The Court believes that the amount of time spent by counsel was at least twice what would have been reasonable in this matter, and notes that Plaintiff did not exercise billing judgment to eliminate its redundant billing entries. As such, the Court will reduce the amount awarded by half, and the total fee award will be $1,960.25. See Hensley, 461 U.S. at 436–37 (permitting court to reduce fees in its discretion where hours are excessive or redundant).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorney Fees and Costs (ECF No. 58) is GRANTED IN PART; and

2. Plaintiff is AWARDED attorneys' fees of $1,960.25.

Dated this 24th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge