within this scope of the warranty will be repaired by Company and all charges for labor and material, will be borne by Company. If it is determined that either no fault exists in Company, or the damage to be repaired was caused by negligence of Distributor, its agents, employees or customers, Distributor agrees to pay all charges associated with each such repair. THIS CONSTITUTES THE SOLE WARRANTY MADE BY COMPANY EITHER EXPRESSED OR IMPLIED. THERE ARE NO OTHER WARRANTIES EXPRESSED OR IMPLIED WHICH EXTEND BEYOND THE FACE HEREOF, HEREIN, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL COMPANY BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES AND DISTRIBUTOR'S REMEDIES SHALL BE LIMITED TO REPAIR OR REPLACEMENT OF NONCONFORMING UNITS OR PARTS.

2.  Misuse of Products. Any tampering, misuse or negligence in handling or use of Products renders the warranty void. Further, the warranty is void if, at any time, Distributor attempts to make any internal changes to any of the components of the Product; if any external device attached by Distributor creates conditions exceeding the tolerance of the Products; or if any time the serial number plate is removed or defaced. OPERATION OF THE PRODUCTS THAT RENDERS THIS WARRANTY VOID WILL BE DEFINED TO INCLUDE ALL OF THE POSSIBILITIES DESCRIBED IN THIS PARAGRAPH, TOGETHER WITH ANY PRACTICE WHICH RESULTS IN CONDITIONS EXCEEDING THE DESIGN TOLERANCE OF THE PRODUCTS.

## ARTICLE VI
### DURATION OF AGREEMENT

1. Term. The term of this Agreement shall be for  Five (5) years from the date hereof, unless sooner terminated. Termination shall not relieve either party of obligations incurred prior thereto.

2. Termination. This Agreement may be terminated only:

(a)  By either party for substantial breach of any material provision of this Agreement by the other, provided due notice has been given to the other of the alleged breach and such other party has not cured the breach within One Hundred and Twenty (120) days thereof; or

(b)  By the Company if: Distributor files bankruptcy or is no longer promoting products by the company

(c)  By Company at the end of the Fifth year of this Agreement, upon the Company paying to Distributor the sum of Two and half million ($2,500,000.00) or present company value whichever is greater, and having given to Distributor One Hundred and Twenty (120) days advanced written notice of its intention to so terminate;

(d)  Upon termination of this Agreement all further rights and obligations of the parties shall cease, except that Distributor shall not be relieved of (i) its obligation to pay any monies due, or to become due, as of or after the date of termination, and (ii) any other obligation set forth in this Agreement which is to take effect after the date of termination. Distributor shall have the right to continue to purchase spare parts and exercise warranties in accordance with this agreement.

(e) Distributor reserves the rights to change company name/ Address/ ownership/shareholders agreements without prejudice.

## ARTICLE VII
### NOTICES

1. Notice or Communication. Any notice or communication required or permitted hereunder (other than Administrative Notice) shall be in writing and shall be sent by registered mail, return receipt

**EXHIBIT B**

CREW171

requested, postage prepaid and addressed to the addresses set forth below or to such changed address as any party entitled to notice shall have communicated in writing to the other party. Notices and communications to Company shall be sent to:

> 1301 South State College Blvd
> Anaheim Ca 92806

Notices and communications to Distributor shall be sent to address shown on first page of this Agreement. Any notices or communications to either party hereunder shall be deemed to have been given when deposited in the mail, addressed to the then current address of such party.

2. _Date of Effectiveness_. Any such notice or communication so mailed shall be deemed delivered and effective seventy-two (72) hours after mailing thereof in the United States.

### ARTICLE VIII

### GENERAL PROVISIONS

1. _Relationship of Parties_. The relationship between the parties established by this Agreement shall be solely that of vendor and vendee and all rights and powers not expressly granted to the Distributor are expressly reserved to the Company. That the representatives of the Company and the Distributor are in this agreement and that each party carries the authority of this agreement.

2. _Independence of Parties_. Nothing contained in this Agreement shall be construed to make the Distributor the agent for the Company for any purpose, and neither party hereto shall have any right whatsoever to incur any liabilities or obligations on behalf or binding upon the other party. The Distributor specifically agrees that it shall have no power or authority to represent the Company in any manner; that it will solicit orders for products as an independent contractor in accordance with the terms of this Agreement; and that it will not at any time represent the Company in any manner; that it will solicit orders for products as an independent contractor in accordance with the terms of this Agreement; and that it will not at any time represent orally or in writing to any person or corporation or other business entity that it has any right, power or authority not expressly granted by this Agreement.

3. _Entire Agreement_. The entire Agreement between the Company and the Distributor covering the Products is set forth herein and any amendment or modification shall be in writing and shall be executed by duly authorized representatives in the same manner as this Agreement. The provisions of this Agreement are severable, and if any one or more such provisions are determined to be illegal or otherwise unenforceable, in whole or in part, under the laws of any jurisdiction, the remaining provisions or portions hereof shall, nevertheless, be binding on and enforceable by and between the parties hereto. Any provisions, terms or conditions of Distributor's Purchase Orders which are, in any way contradicting of this Agreement, except those additional provisions specifying quantity and shipping instructions, shall not be binding upon Company and shall have no applicability to the sale of goods by Company to Distributor.

4. _Applicable Law_. This Agreement shall be governed by the laws of the State of Colorado and is accepted by Company at its Corporate Office in Anaheim CA. In violation of this agreement the violating entity will be responsible for all reasonable attorney fees.

5. _Separate Provisions_. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

**EXHIBIT B**

CREW171

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representative as of the date and year indicated above

PORCELANOSA USA
COMPANY

Authorized Representative                    By

CREW TILE DISTRIBUTION
DISTRIBUTOR

Authorized Representative          By

Authorized Representative          By Darlyne Davis

**EXHIBIT B**

CREW171

| | |
|---|---|
| **From:** | paradigmtiledistributor [paradigmtiledistributor@gmail.com] |
| **Sent:** | Monday, April 22, 2013 4:31 PM |
| **To:** | rperry@sregrp.com |
| **Subject:** | Please see attached agreement |
| **Attachments:** | Crew Porcelanosa Dist Agreement.pdf |

--
Order Desk
Paradigm Tile & Stone Distributors, LLC

Your Colorado Porcelanosa Distributor



DEPOSITION
EXHIBIT
21
HANSEN & COMPANY

1

QDE EXHIBIT
Q200
**EXHIBIT B**

CREW1220