within this scope of the warranty will be repaired by Company and all charges for labor and material, will be borne by Company. If it is determined that either no fault exists in Company, or the damage to be repaired was caused by negligence of Distributor, its agents, employees or customers, Distributor agrees to pay all charges associated with each such repair. THIS CONSTITUTES THE SOLE WARRANTY MADE BY COMPANY EITHER EXPRESSED OR IMPLIED. THERE ARE NO OTHER WARRANTIES EXPRESSED OR IMPLIED WHICH EXTEND BEYOND THE FACE HEREOF, HEREIN, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL COMPANY BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES AND DISTRIBUTOR'S REMEDIES SHALL BE LIMITED TO REPAIR OR REPLACEMENT OF NONCONFORMING UNITS OR PARTS.

   2. *Misuse of Products.* Any tampering, misuse or negligence in handling or use of Products renders the warranty void. Further, the warranty is void if, at any time, Distributor attempts to make any internal changes to any of the components of the Product; if any external device attached by Distributor creates conditions exceeding the tolerance of the Products; or if any time the serial number plate is removed or defaced. OPERATION OF THE PRODUCTS THAT RENDERS THIS WARRANTY VOID WILL BE DEFINED TO INCLUDE ALL OF THE POSSIBILITIES DESCRIBED IN THIS PARAGRAPH, TOGETHER WITH ANY PRACTICE WHICH RESULTS IN CONDITIONS EXCEEDING THE DESIGN TOLERANCE OF THE PRODUCTS.

## ARTICLE VI
## DURATION OF AGREEMENT

   1. *Term.* The term of this Agreement shall be for Five (5) years from the date hereof, unless sooner terminated. Termination shall not relieve either party of obligations incurred prior thereto.

   2. *Termination.* This Agreement may be terminated only:

   (a) By either party for substantial breach of any material provision of this Agreement by the other, provided due notice has been given to the other of the alleged breach and such other party has not cured the breach within One Hundred and Twenty (120) days thereof; or

   (b) By the Company if: Distributor files bankruptcy or is no longer promoting products by the company

   (c) By Company at the end of the Fifth year of this Agreement, upon the Company paying to Distributor the sum of Two and half million ($2,500,000.00) or present company value whichever is greater, and having given to Distributor One Hundred and Twenty (120) days advanced written notice of its intention to so terminate;

   (d) Upon termination of this Agreement all further rights and obligations of the parties shall cease, except that Distributor shall not be relieved of (i) its obligation to pay any monies due, or to become due, as of or after the date of termination, and (ii) any other obligation set forth in this Agreement which is to take effect after the date of termination. Distributor shall have the right to continue to purchase spare parts and exercise warranties in accordance with this agreement.

   (e) Distributor reserves the rights to change company name/ Address/ ownership/shareholders agreements without prejudice.

## ARTICLE VII
## NOTICES

   1. *Notice or Communication.* Any notice or communication required or permitted hereunder (other than Administrative Notice) shall be in writing and shall be sent by registered mail, return receipt

**EXHIBIT B**   CREW1220

requested, postage prepaid and addressed to the addresses set forth below or to such changed address as any party entitled to notice shall have communicated in writing to the other party. Notices and communications to Company shall be sent to:

> 1301 South State College Blvd
> Anaheim Ca 92806

Notices and communications to Distributor shall be sent to address shown on first page of this Agreement. Any notices or communications to either party hereunder shall be deemed to have been given when deposited in the mail, addressed to the then current address of such party.

2. <u>Date of Effectiveness</u>. Any such notice or communication so mailed shall be deemed delivered and effective seventy-two (72) hours after mailing thereof in the United States.

### ARTICLE VIII

### GENERAL PROVISIONS

1. <u>Relationship of Parties</u>. The relationship between the parties established by this Agreement shall be solely that of vendor and vendee and all rights and powers not expressly granted to the Distributor are expressly reserved to the Company. That the representatives of the Company and the Distributor are in this agreement and that each party carries the authority of this agreement.

2. <u>Independence of Parties</u>. Nothing contained in this Agreement shall be construed to make the Distributor the agent for the Company for any purpose, and neither party hereto shall have any right whatsoever to incur any liabilities or obligations on behalf or binding upon the other party. The Distributor specifically agrees that it shall have no power or authority to represent the Company in any manner; that it will solicit orders for products as an independent contractor in accordance with the terms of this Agreement; and that it will not at any time represent the Company in any manner; that it will solicit orders for products as an independent contractor in accordance with the terms of this Agreement; and that it will not at any time represent orally or in writing to any person or corporation or other business entity that it has any right, power or authority not expressly granted by this Agreement.

3. <u>Entire Agreement</u>. The entire Agreement between the Company and the Distributor covering the Products is set forth herein and any amendment or modification shall be in writing and shall be executed by duly authorized representatives in the same manner as this Agreement. The provisions of this Agreement are severable, and if any one or more such provisions are determined to be illegal or otherwise unenforceable, in whole or in part, under the laws of any jurisdiction, the remaining provisions or portions hereof shall, nevertheless, be binding on and enforceable by and between the parties hereto. Any provisions, terms or conditions of Distributor's Purchase Orders which are, in any way contradicting of this Agreement, except those additional provisions specifying quantity and shipping instructions, shall not be binding upon Company and shall have no applicability to the sale of goods by Company to Distributor.

4. <u>Applicable Law</u>. This Agreement shall be governed by the laws of the State of Colorado and is accepted by Company at its Corporate Office in Anaheim CA. In violation of this agreement the violating entity will be responsible for all reasonable attorney fees.

5. <u>Separate Provisions</u>. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

**EXHIBIT B**

CREW12209

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representative as of the date and year indicated above.

PORCELANOSA USA
COMPANY

Authorized Representative     By: _____

CREW TILE DISTRIBUTION
DISTRIBUTOR

Authorized Representative     By: _____

Authorized Representative     By: Darlyne Davis

**EXHIBIT B**

CREW1221

## DISTRIBUTOR AGREEMENT

THIS AGREEMENT is made this 8th day of December, 2009, by and between Porcelanosa USA , with its principal place of business located at 1301 S. State College Blvd., Anaheim, CA 92806 ("Company") and Crew Tile Distribution, Inc., 601 S. Broadway, Suite C, Denver, CO 80209 (the "Distributor").

NOW, THEREFORE, in consideration of the promises hereinafter made by the parties hereto, it is agreed as follows:

### ARTICLE I
### APPOINTMENT OF DISTRIBUTORSHIP

1. <u>Distribution Right</u>. The Company hereby appoints and grants Distributor the exclusive and non-assignable right to sell the products of the Company ("Products") listed in the then current "Product Line". The distribution right shall be limited to customers who have places of business and will initially use the Company's products in the geographic area set forth in attached hereto.

    A. State of Colorado (except for the city limits of Aspen and Pitkin County)
    B. All specifications generated in the Colorado territory regardless of job location
    C. All Dealers/Specifies/Architects/Designers in stated territory
    D. Distributor also reserves the right to sell retail out of its own showrooms

Distributor also agrees to not have an online point of purchase, (ie: Web site sales outside of agreed territory)

2. <u>Prices</u>. All prices stated are FOB the Company's offices in 1301 S. State College Blvd., Anaheim, CA 92806. Prices do not include transportation costs which shall be borne by Distributor. Prices do not include federal, state or local taxes applicable to the products sold under this Agreement. An amount equal to the appropriate taxes will be added to the invoice by the Company where the Company has the legal obligation to collect such taxes. Distributor shall pay such amount to the Company unless Distributor provides Company with a valid tax exemption certificate authorized by the appropriate taxing authority.

3. <u>Terms</u>. Terms are net cash upon delivery, except where satisfactory credit is established in which case terms are net thirty (30) days from date of delivery. The Company reserves the right to revoke any credit extended at the Company's sole discretion. Distributor agrees to pay such invoices when due regardless of other scheduled deliveries. Invoices not paid within thirty (30) days of the invoice date will have one and one half percent (1-1/2%) per month finance charge assessed against the unpaid balance from the date of invoice until the date of payment.

4. <u>Title to Products</u>. The Company hereby reserves a purchase money security interest in each unit of Product sold or to be sold under this Agreement and in the proceeds thereof, if Distributor shall have sold or leased a unit(s) to another party prior to Distributor paying Company the purchase price for such Unit as set forth herein, in the amount of such unit's purchase price. These interests will be satisfied by payment in full. A copy of this Agreement may be filed with the appropriate authorities at any time after the signature by the Company as a financing statement in order to perfect the Company's security interest. On the request of the Company, Distributor shall execute financing statement(s) and other instruments the Company shall desire to perfect a security interest in the Product for its purchase price. Title to the Product shall pass to Distributor upon receipt by the Company of payment in full for all amounts due for such units of Product.

5. <u>Competitive Products</u>. Distributor agrees not to represent or sell other products which are deemed to be competitive with the Company's Product unless agreed to by the Company by written notice.



QDE EXHIBIT
Q300

EXHIBIT B