**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.13-cv-3206-WJM-KMT

CREW TILE DISTRIBUTION, INC.,

    Plaintiff and CounterDefendant,

and

RYAN A. DAVIS,
DARLYNE A. DAVIS,
GLENN L. DAVIS,
SHANA L. BASTEMEYER,
PARADIGM TILE & STONE DISTRIBUTORS, LLC, and
G&D DAVIS HOLDINGS, LLC,

    CounterDefendants,

v.

PORCELANOSA LOS ANGELES, INC.,
PORCELANOSA NEW YORK, INC.,
PORCELANOSA TEXAS, CORP., and
PORVEN, LTD.,

    Defendants and CounterClaimants.

---

**ORDER DIRECTING POST-TRIAL BRIEFING
ON EQUITABLE CLAIMS AND DEFENSES**

---

    This business dispute pending under 28 U.S.C. § 1332, proceeded to a ten-day jury trial from March 13 through March 24, 2017, which led to a general jury verdict on the parties' pending legal claims and counterclaims.[1]  As stated on the record and reflected by the jury verdict, the Court did not submit the parties' various equitable

---

[1] The Court granted Judgment as a Matter of Law against certain claims pursuant to Fed. R. Civ. P. 50(a).  (*See* ECF No. 341.)

claims and defenses to the jury, since those claims are tried to the Court pursuant to Federal Rule of Civil Procedure 39(a)(2) & 39(b).  *See generally Colorado Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005) ("Under well settled principles, when a plaintiff brings both legal and equitable claims in the same action, the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims)").

In order to resolve the still-pending equitable claims, the Court ORDERS post-trial briefing, as follows:

1. <u>Opening Briefs</u>:  The parties shall file simultaneous opening briefs pursuant to the schedule set out below.  All of the Plaintiff's and CounterDefendants (*i.e.*, the "Crew Tile Parties") are to file one combined opening brief, and the Defendants/CounterClaimants (*i.e.*, the "Porcelanosa Parties") are to file one combined opening brief.  Each side's opening brief must address all equitable claims and/or defenses on which the filing parties bear the burden of proof.  Failure to address any equitable claim or defense in these opening briefs will constitute abandonment of that claim or defense.  The parties' opening briefs shall be no longer than <u>25 pages in total</u>, including:  (1) one or more argumentative sections, not to exceed <u>10 pages</u> in total, addressing legal authority and argument in support of the claims and/or defenses; and, (2) proposed findings of fact, not to exceed <u>15 pages</u>, in support of the claims and/or defenses.  The parties' proposed findings of fact shall follow the undersigned's formatting requirements for statements of material fact to be submitted in support of motions for summary judgment, *see* WJM Revised Practice Standards

III.E.3.–5 & V.J.  That is, the parties' proposed findings of fact shall be filed in the form of an enumerated list set out in simple declarative sentences, each supported by specific citation to evidence at trial (*i.e.*, to the page(s) and line(s) of the pertinent portions of the trial transcript and/or any exhibits admitted into evidence).  All proposed findings of fact shall be set forth as nearly as possible in the same order as the proof of same came in at trial.

2. Response Briefs: The parties' response briefs shall be filed simultaneously, pursuant to the schedule set out below.  Each side's response brief shall be no longer than 20 pages in total, including: (1) one or more argumentative sections, not to exceed 8 pages in total, responding to the other side's legal authorities and argument; and, (2) an enumerated response to the other side's proposed findings of fact, not to exceed 12 pages, briefly admitting or denying each fact proposed by the other side, with specific citation to trial evidence in support of any proposed fact that is denied.  *See* WJM Revised Practice Standards III.E.4.

3. Reply Briefs: Each side's optional reply brief shall be no longer than 12 pages in total, including: (1) argumentative sections not exceeding 6 pages in total, and, if necessary, (2) any additional statements or citations concerning the previously-enumerated proposed findings of fact, not to exceed 6 pages.

4. Schedule:   The Court's understanding is that Plaintiffs/CounterDefendants received real-time and daily rough transcripts of trial proceedings each day throughout trial, but that Defendants/CounterClaimants did not.  Accordingly, the briefing schedule shall be as follows: (1) if a trial transcript has been ordered by either or both the Crew Tile Parties or the Porcelanosa Parties by April 3, 2017,

       then the opening briefs shall be due not later than 21 days after the trial transcript has been filed with the Court.  (2) In the event that a trial transcript has *not* been ordered by April 3, 2017, then the opening briefs shall be due not later than **April 17, 2017**.  In either case, response briefs shall be due 14 days after opening briefs, and reply briefs shall be due 7 days after response briefs.

5. All page limitations are exclusive of attorneys' signature blocks and certificates of service.

Dated this 28th day of March, 2017.

BY THE COURT:

*[signature]*

William J. Martínez  
United States District Judge
